IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


ADALBERTO SANCHEZ,

                    Plaintiff,

vs.                                    Case No. 16-2012-SAC

NANCY A. BERRYHILL,
Acting Commissioner of
Social Security,[1]

                    Defendant.


MEMORANDUM AND ORDER

     This is an action reviewing the final decision of the
Commissioner of Social Security denying the plaintiff disability
insurance benefits and supplemental security income payments.
The matter has been fully briefed by the parties.

**I.  General legal standards**

     The court's standard of review is set forth in 42 U.S.C.
§ 405(g), which provides that "the findings of the Commissioner
as to any fact, if supported by substantial evidence, shall be
conclusive."  The court should review the Commissioner's
decision to determine only whether the decision was supported by
substantial evidence and whether the Commissioner applied the
correct legal standards.  Glenn v. Shalala, 21 F.3d 983, 984
(10th Cir. 1994).  Substantial evidence requires more than a

---

[1] On January 20, 2017, Nancy A. Berryhill replaced Carolyn W. Colvin as Acting Commissioner of Social Security.

scintilla, but less than a preponderance, and is satisfied by
such evidence that a reasonable mind might accept to support the
conclusion.  The determination of whether substantial evidence
supports the Commissioner's decision is not simply a
quantitative exercise, for evidence is not substantial if it is
overwhelmed by other evidence or if it really constitutes mere
conclusion.  Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).
Although the court is not to reweigh the evidence, the findings
of the Commissioner will not be mechanically accepted.  Nor will
the findings be affirmed by isolating facts and labeling them
substantial evidence, as the court must scrutinize the entire
record in determining whether the Commissioner's conclusions are
rational.  Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan.
1992).  The court should examine the record as a whole,
including whatever in the record fairly detracts from the weight
of the Commissioner's decision and, on that basis, determine if
the substantiality of the evidence test has been met.  Glenn, 21
F.3d at 984.

    The Social Security Act provides that an individual shall
be determined to be under a disability only if the claimant can
establish that they have a physical or mental impairment
expected to result in death or last for a continuous period of
twelve months which prevents the claimant from engaging in
substantial gainful activity (SGA).  The claimant's physical or

mental impairment or impairments must be of such severity that
they are not only unable to perform their previous work but
cannot, considering their age, education, and work experience,
engage in any other kind of substantial gainful work which
exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential
evaluation process to determine disability.  If at any step a
finding of disability or non-disability can be made, the
Commissioner will not review the claim further.  At step one,
the agency will find non-disability unless the claimant can show
that he or she is not working at a "substantial gainful
activity."  At step two, the agency will find non-disability
unless the claimant shows that he or she has a "severe
impairment," which is defined as any "impairment or combination
of impairments which significantly limits [the claimant's]
physical or mental ability to do basic work activities."  At
step three, the agency determines whether the impairment which
enabled the claimant to survive step two is on the list of
impairments presumed severe enough to render one disabled.  If
the claimant's impairment does not meet or equal a listed
impairment, the inquiry proceeds to step four, at which the
agency assesses whether the claimant can do his or her previous
work; unless the claimant shows that he or she cannot perform
their previous work, they are determined not to be disabled.  If

the claimant survives step four, the fifth and final step
requires the agency to consider vocational factors (the
claimant's age, education, and past work experience) and to
determine whether the claimant is capable of performing other
jobs existing in significant numbers in the national economy.
Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of
the analysis.  Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th
Cir. 1993).   At step five, the burden shifts to the
Commissioner to show that the claimant can perform other work
that exists in the national economy.  Nielson, 992 F.2d at 1120;
Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993).  The
Commissioner meets this burden if the decision is supported by
substantial evidence.  Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will
assess the claimant's residual functional capacity (RFC).  This
RFC assessment is used to evaluate the claim at both step four
and step five.  20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g);
416.920(a)(4), 416.920(e,f,g).

## II.  History of case

On February 6, 2015, administrative law judge (ALJ) Janice
E. Barnes-Williams issued her decision (R. at 40-51).  Plaintiff
alleges that he has been disabled since August 15, 2011 (R. at
40).  Plaintiff is insured for disability insurance benefits

through December 31, 2015 (R. at 40).  At step one, the ALJ found that plaintiff did not engage in substantial gainful activity since the alleged onset date (R. at 42).  At step two, the ALJ found that plaintiff had a severe combination of impairments (R. at 43).  At step three, the ALJ determined that plaintiff's impairments do not meet or equal a listed impairment (R. at 43).  After determining plaintiff's RFC (R. at 44-45), the ALJ found at step four that plaintiff is unable to perform any past relevant work (R. at 49).  At step five, the ALJ found that plaintiff could perform other jobs that exist in significant numbers in the national economy (R. at 49-50). Therefore, the ALJ concluded that plaintiff was not disabled (R. at 50-51).[2]

## III.  Are the ALJ's RFC findings supported by substantial evidence?

According to SSR 96-8p, the RFC assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts...and nonmedical evidence."  The ALJ must explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.  The RFC assessment must always consider and address medical source opinions.  If the RFC

---

[2] Plaintiff provided material indicating that the Social Security Administration subsequently found that plaintiff was disabled on February 7, 2015 (Doc. 11 at 50).  Thus, the question before the court is whether plaintiff was disabled from August 15, 2011 through February 6, 2015.

assessment conflicts with an opinion from a medical source, the ALJ must explain why the opinion was not adopted.  SSR 96-8p, 1996 WL 374184 at *7.  SSR rulings are binding on an ALJ.  20 C.F.R. § 402.35(b)(1); Sullivan v. Zebley, 493 U.S. 521, 530 n.9, 110 S. Ct. 885, 891 n.9, 107 L. Ed.2d 967 (1990); Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993).

In reaching his RFC determination, an ALJ is permitted, and indeed required, to rely on all of the record evidence, including but not limited to medical opinions in the file. Wells v. Colvin, 727 F.3d 1061, 1071 (10th Cir. 2013).  When the ALJ fails to provide a narrative discussion describing how the evidence supports each conclusion, citing to specific medical facts and nonmedical evidence, the court will conclude that his RFC conclusions are not supported by substantial evidence.  See Southard v. Barnhart, 72 Fed. Appx. 781, 784-785 (10th Cir. July 28, 2003).  The ALJ's decision must be sufficiently articulated so that it is capable of meaningful review; the ALJ is charged with carefully considering all of the relevant evidence and linking his findings to specific evidence.  Spicer v. Barnhart, 64 Fed. Appx. 173, 177-178 (10th Cir. May 5, 2003).  It is insufficient for the ALJ to only generally discuss the evidence, but fail to relate that evidence to his conclusions.  Cruse v. U.S. Dept. of Health & Human Services, 49 F.3d 614, 618 (10th Cir. 1995).  When the ALJ has failed to comply with SSR 96-8p

because he has not linked his RFC determination with specific
evidence in the record, the court cannot adequately assess
whether relevant evidence supports the ALJ's RFC determination.
Such bare conclusions are beyond meaningful judicial review.
Brown v. Commissioner of the Social Security Administration, 245
F. Supp.2d 1175, 1187 (D. Kan. 2003).

The ALJ found that plaintiff was limited to sedentary work
in that he can occasionally lift 10 pounds, he can stand or walk
for up to 2 hours, and sit for up to 6 hours in an 8 hour
workday.  Plaintiff needs to alternate between sitting and
standing at least every 30 minutes.  Plaintiff can occasionally
climb ramps and stairs; he can never climb ladders, ropes or
scaffolds; he can never balance.  Plaintiff can occasionally
stoop; he can never kneel, crouch or crawl.  Plaintiff needs a
handheld device for prolonged ambulation and uneven terrain.
Plaintiff must avoid exposure to extreme cold, extreme heat,
wetness (as it relates to weather conditions), humidity,
excessive vibration, and airborne pulmonary irritants.
Plaintiff needs to avoid operational control of moving
machinery, unprotected heights, and hazardous machinery.
Finally, he is limited to simple, routine, repetitive tasks (R.
at 44-45).

In making her RFC findings, the ALJ stated that those
findings are supported by the objective medical evidence

discussed in the ALJ's decision, and the opinions of Dr. Sheehan (in regards to plaintiff's mental limitations) (R. at 49). The ALJ gave at most, only partial weight to the medical opinions regarding plaintiff's physical limitations (R. at 48). However, an exact correspondence between a medical opinion and the RFC is not required. In reaching his RFC determination, an ALJ is permitted, and indeed required, to rely on all of the record evidence, including but not limited to medical opinions in the file. Wells v. Colvin, 727 F.3d 1061, 1071-1072 (10th Cir. 2013). The court will therefore examine the record evidence relied on by the ALJ in making her RFC findings.

First, the ALJ stated in her decision that in July 2012, plaintiff underwent a sigmoid colon resection, and several days later a colostomy after he developed an anastomotic leak. Plaintiff was hospitalized for 24 days (R. at 488; July 25, 2012 through August 17, 2012). The ALJ then stated that plaintiff's diverticulitis condition "has remained stable without need for additional surgery" (R. at 45-46).

However, the medical record indicates that plaintiff was again hospitalized for 7 days (from November 2, 2012 through November 8, 2012) with recurrent diverticulitis (R. at 767). No operative condition was noted during that hospital stay (R. at 778).

Plaintiff was again hospitalized for 9 days (November 28, 2012 through December 6, 2012) because of ongoing diverticulitis (R. at 783). **Plaintiff was taken to surgery for a colostomy takedown** (R. at 785).

Plaintiff was again hospitalized for 3 days (December 29, 2012 through December 31, 2012) because of cerebral hypotension syndrome and subdural hematoma secondary to spinal anesthetic from his prior surgery (R. at 793). Plaintiff was again hospitalized for 4 days (January 8, 2012 through January 11, 2013) because of headaches and the subdural hematoma. A CAT scan confirmed in increase in the size of the left frontoparietal subdural hematoma that contained acute blood products (R. at 801). **Surgery was performed to drain the subdural hematoma** (R. at 805, 813).

The ALJ asserted that plaintiff's diverticulitis condition has remained stable without the need for additional surgery since his surgeries in July 2012 (R. at 45-46). However, the medical record clearly indicates that plaintiff has had additional inpatient hospitalizations and a subsequent surgery because of ongoing diverticulitis, and another surgery because of a hematoma which developed as a complication from a prior surgery. The ALJ's conclusion that plaintiff's diverticulitis condition has remained stable without the need for additional surgery since July 2012 is clearly erroneous. Furthermore, it

should be noted that from July 25, 2012 through January 11,
2013, plaintiff was hospitalized for surgery or related issues
for a total of 47 days, or 27.5% of the total number of days
during that time period (47/171).

Second, the ALJ also stated in her decision that plaintiff,
because of low back pain, underwent a right discectomy and
posterior interbody fusion at L3-L4 without complication in
September 2014.  The ALJ stated that although the lumbar fusion
should be expected to help alleviate plaintiff's back pain, the
ALJ nonetheless included some limitations in plaintiff's RFC (R.
at 46).  However, Dr. Manion stated on January 13, 2015 that it
was his impression that plaintiff had possible lumbar failed
back surgery syndrome, lumbosacral spondylosis without evidence
of myelopathy, lumbar radiculopathy, and lumbago (R. at 1672).
The ALJ issued her decision on February 6, 2015, less than one
month after the report from Dr. Manion (R. at 51).  On March 10,
2015, one month after the decision, Dr. Manion diagnosed lumbar
failed back syndrome, lumbar radiculopathy, lumbar spinal
stenosis, and lumbago (R. at 11).  The Appeals Council held that
this evidence is new information about a later time, and does
not affect the decision that plaintiff was not disabled on or
before February 6, 2015 (R. at 2).

The basic principle, derived from the relevant regulations,
is well-established: the Appeals Council must consider

10

additional evidence offered on administrative review-after which it becomes part of the court's record on judicial review-if it is (1) new, (2) material, and (3) related to the period on or before the date of the ALJ's decision.  Krauser v. Astrue, 638 F.3d 1324, 1328 (10th Cir. 2011).  Where the Appeals Council rejects new evidence as non-qualifying, and the claimant challenges that ruling on judicial review, it is a question of law subject to the court's de novo review.  Id.

The March 10, 2015 medical record from Dr. Manion diagnosing lumbar failed back syndrome is new and material regarding plaintiff's impairments.  The question before the court is whether it is related to the period on or before the date of the ALJ's decision.  As noted above, the record from Dr. Manion is only one month after the ALJ decision, and most importantly, follows from a medical record from Dr. Manion, dated January 13, 2015, giving an impression of possible lumbar failed back surgery syndrome.

In the case of Baca v. Department of Health and Human Services, 5 F.3d 476, 479 (10th Cir. 1993), the court held that evidence bearing upon an applicant's condition subsequent to the date upon which the earning requirement was last met is pertinent evidence in that it may disclose the severity and continuity of impairments existing before the earning requirement date or may identify additional impairments which

could reasonably be presumed to have been present and to have imposed limitations as of the earning requirement date.  This principle equally applies to whether evidence presented to the Appeals Council is related to the period on or before the date of the ALJ's decision.

Dr. Manion was treating plaintiff prior to the ALJ decision, and on January 13, 2015, less than one month before the ALJ decision (February 6, 2015) stated that it was his impression that plaintiff had "possible lumbar failed back surgery syndrome" (R. at 1672).  Two months later, on March 10, 2015, and only one month after the ALJ decision, Dr. Manion diagnosed "lumbar failed back syndrome" (R. at 11).

On the facts of this case, the court cannot say that the failure to consider this additional opinion evidence from a treatment provider is harmless error.[3]  In fact, the new evidence from Dr. Manion provides a clear basis for changing the ALJ's decision, <u>Hardman v. Barnhart</u>, 362 F.3d 676, 681 (10th Cir. 2004), especially when considered in conjunction with his impression only two months earlier.  The diagnosis of lumbar failed back syndrome, first suggested in January 2015 and then

---

[3] Courts should apply the harmless error analysis cautiously in the administrative review setting.  <u>Fischer-Ross v. Barnhart</u>, 431 F.3d 729, 733 (10th Cir. 2005).  However, it may be appropriate to supply a missing dispositive finding under the rubric of harmless error in the right exceptional circumstance where, based on material the ALJ did at least consider (just not properly), the court could confidently say that no reasonable factfinder, following the correct analysis, could have resolved the factual matter in any other way.  <u>Fischer-Ross</u>, 431 F.3d at 733-734; <u>Allen v. Barnhart</u>, 357 F.3d 1140, 1145 (10th Cir. 2004).

diagnosed in March 2015 clearly undermine the ALJ's conclusion that plaintiff's fusion surgery was without complication and should be expected to help alleviate plaintiff's back pain. This case should be remanded in order for the Commissioner to consider this additional evidence.

Third, the ALJ discussed plaintiff's history of chronic obstructive pulmonary disease (COPD).  The ALJ stated that "since April 2013 there is no evidence of any COPD exacerbations," and that the RFC contains the requisite pulmonary restrictions (R. at 47).  However, on May 29, 2013 plaintiff was seen by Dr. Khan, who stated the following:

> **In summary, Mr. Sanchez has chronic hypoxia[4] secondary to underlying COPD.  He was hospitalized in the month of April and was treated for exacerbation of COPD along with interstitial pneumonia.**  The interstitial infiltrates have now completely resolved on the recent chest x-ray.  **His COPD, which probably has an asthmatic component as well has not been under optimum control as he required an ER visit few days ago…He has chronic hypoventilation resulting from chronic use of methadone and as a result he is on oxygen on a 24-hour basis.**  He says without oxygen he gets very wobbly and short of breath.

(R. at 907, emphasis added).  This medical record indicates that plaintiff had a flare-up in May 2013 requiring an emergency room visit.  Dr. Khan stated that plaintiff's COPD has not been under

---

[4] Chronic hypoxia is defined as a usually slow, insidious reduction in tissue oxygenation.  The patient experiences persistent mental and physical fatigue, shows sluggish mental responses, and complains of a loss of ability to perform physical tasks.  Unless treated, the condition may lead to disability (http://medical-dictionary.the free dictionary.com/chronic+hypoxia, Jan. 26, 2017).

optimum control, and that he has chronic hypoxia secondary to
underlying COPD.  He also has chronic hypoventilation; as a
result he is on oxygen on a 24-hour basis.  None of the problems
noted above in Dr. Khan's report were mentioned by the ALJ in
her decision.  This report raises serious questions regarding
the ALJ's assertion that, since April 2013, there is "no"
evidence of "any" COPD exacerbations.[5]

As a result of the inaccurate and incomplete statements of
the medical record by the ALJ noted above, the court finds that
substantial evidence does not support the ALJ's physical RFC
findings.  Contrary to the ALJ's assertion, plaintiff's
diverticulitis has not remained stable without the need for
additional surgery since July 2012; in fact, plaintiff has
required additional inpatient hospitalizations and surgeries
either related to that condition or resulting from complications
arising from those surgeries.  The evidence also indicates a
diagnosis of lumbar failed back syndrome, which undermines the
ALJ's contention that the lumbar fusion should be expected to
help alleviate plaintiff's back pain.  Finally, contrary to the
ALJ's assertion of no COPD exacerbations since April 2013, the
medical record reflects that plaintiff's COPD has not been under
optimum control, noting a flare-up requiring an emergency room
visit in May 2013, a diagnosis of chronic hypoxia secondary to

---

[5] A person undergoing a COPD exacerbation may need to seek medical help at a hospital
(http://www.healthline.com/health/copd/exacerbation-symptoms-and-warning-signs, Jan. 26, 2017).

COPD, and a diagnosis of chronic hypoventilation resulting in plaintiff being on oxygen on a 24-hour basis.

The inaccurate and incomplete statements of the medical record by the ALJ cannot be deemed harmless error.  This additional evidence could certainly provide a legitimate basis for changing the ALJ's RFC findings.

The ALJ's mental RFC findings accorded great weight to the opinions of Dr. Sheehan (R. at 48).  The court will not reweigh the evidence or substitute its judgment for that of the Commissioner.  Hackett v. Barnhart, 395 F.3d 1168, 1173 (10th Cir. 2005); White v. Barnhart, 287 F.3d 903, 905, 908, 909 (10th Cir. 2002).  Although the court will not reweigh the evidence, the conclusions reached by the ALJ must be reasonable and consistent with the evidence.  See Glenn v. Shalala, 21 F.3d 983, 988 (10th Cir. 1994)(the court must affirm if, considering the evidence as a whole, there is sufficient evidence which a reasonable mind might accept as adequate to support a conclusion).  The court can only review the sufficiency of the evidence.  Although the evidence may support a contrary finding, the court cannot displace the agency's choice between two fairly conflicting views, even though the court may have justifiably made a different choice had the matter been before it de novo. Oldham v. Astrue, 509 F.3d 1254, 1257-1258 (10th Cir. 2007).

However, on remand, the ALJ should discuss whether to include in his mental RFC findings the opinion of Dr. Sheehan that plaintiff would probably do best in a low-stress work environment (R. at 903).  As SSR 85-15 indicates, any impairment-related limitations created by an individual's response to demands of work, however, must be reflected in the RFC assessment.  1985 WL 56857 at *6.

The ALJ gave little weight to the opinions of Dr. Cannon, plaintiff's treating psychiatrist, because they failed to contain specific functional limitations (R. at 48).  However, on remand, the ALJ should consider the statements of Dr. Cannon that plaintiff has difficulty dealing with the public or group situations (R. at 1170, 1663), and that plaintiff takes medications which causes some degree of sedation resulting in decreased concentration (R. at 1170, 1663).

Plaintiff has also taken issue with the ALJ's credibility findings.  The court will not address this issue because it may be affected by the ALJ's resolution of the case on remand after the ALJ gives further consideration to the medical evidence as set forth above.  See Robinson v. Barnhart, 366 F.3d 1078, 1085 (10th Cir. 2004).

IT IS THEREFORE ORDERED that the judgment of the Commissioner is reversed and remanded pursuant to sentence four

of 42 U.S.C. § 405(g) for further proceedings consistent with this memorandum and order.

Dated this 31st day of January 2017, Topeka, Kansas.


s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge